UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN THOMAS BAILEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:15CV01226 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner John Thomas Bailey's *Pro Se* "Motion for Vacation or Relief from Judgment "[1], "Omnibus Motion to Advance" [24][1], and "Motion for Leave to Amend Prior Motion to Advance" [27].

## I. BACKGROUND

On June 27, 2012, Petitioner John Thomas Bailey ("Petitioner") was indicted for conspiracy to possess with intent to distribute anabolic steroids in violation of 18 U.S.C. §841(a)(1) and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h).[2] On September 17, 2012, Petitioner pled guilty to the charges. Petitioner was sentenced to 125 months imprisonment and a two-year term of supervised release. After a successful motion to vacate challenging the application of certain United States Sentencing Guidelines, Petitioner was resentenced to 63 months imprisonment and a two-year term of supervised release.

Petitioner filed a "Motion for Vacation or Relief from Judgment" in which he asks the Court to grant relief pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b) or in the

---

[1] Petitioner titles his motion as a motion to advance, which does not exist. The Court construes this motion as a motion to supplement his "Motion for Vacation and Relief from Judgment."
[2] Petitioner's criminal case is *United States v. John Thomas Bailey*, 4:12CR00251 AGF.

1

alternative, 28 U.S.C. §§ 2241(c)(3) and 2243. FRCP 60(b) does not apply to Petitioner's case because he is challenging a criminal judgment, not a civil judgment. FRCP 60(b) applies only to civil judgments or civil orders. Because Petitioner is *pro se*, the Court will construe Petitioner's motion as a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, which allows for prisoners in Federal custody to challenge their sentences. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed.").[3]

In his Motion, Petitioner challenges his sentence stating his attorney should have raised his post-conviction rehabilitation efforts during the resentencing hearing, he was not on probation at the time of the conspiracy as the presentence report states, and the Bureau of Prisons has misclassified his security level requiring him to be in a higher security prison than needed.

## II. STANDARD

A federal prisoner who seeks relief under 28 U.S.C. § 2255 on grounds "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). In order to obtain relief under § 2255, the petitioner must establish a constitutional or federal statutory violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

---

[3] Statutes 28 U.S.C. §§ 2241 and 2243grant the Court the power to issue a writ of habeas corpus and outline the procedure the Court must follow. These statutes do not create an avenue for relief for Petitioner. That is found in 28 U.S.C. § 2255.

Claims brought under § 2255 may be limited by procedural default. A petitioner "cannot raise a non-constitutional or non-jurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). Claims, including those concerning constitutional and jurisdictional issues, unraised on direct appeal cannot subsequently be raised in a § 2255 motion unless the petitioner establishes "(1) cause for default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 621-22 (1998)). Exceptions to this rule are recognized only upon production of convincing new evidence of actual innocence, and are available only in the extraordinary case. *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001). However, ineffective assistance of counsel claims may be raised for the first time in a § 2255 motion even if they could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

If the petitioner's claims are not procedurally barred, the Court must hold an evidentiary hearing to consider the claims "when the facts alleged, if true, would entitle [the petitioner] to relief." 28 U.S.C. § 2255(b); see also *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994); *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (citation omitted). However, a court may dismiss a claim without a hearing "if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043.

### III. DISCUSSION

In his motion, Petitioner states his attorney should have raised his post-conviction rehabilitation efforts in the resentencing hearing, his attorney should have argued he was not on probation during the time of the conspiracy, he should have received 27 months imprisonment,

the Bureau of Prisons has misclassified him at a higher security level than necessary, and he has been mistreated in prison.

      A.      *Post-Conviction Rehabilitation*

On March 27, 2015, Petitioner was resentenced, because, in his original sentence, a mistake was made in calculating the guideline range. The United States Probation Office filed a letter with the Court outlining Petitioner's new sentencing guideline range and included a list of Petitioner's rehabilitation efforts while in prison, including completing a drug education program, a career preparation class, and two philosophy classes. Petitioner now asserts his attorney was ineffective for failing to raise his rehabilitation efforts at the resentencing hearing.

When a habeas petitioner claims ineffective assistance of counsel, the Court's decision must be made "on an ad hoc basis. In each case [the Court] must weigh, among other factors, the time afforded counsel, the experience of counsel, the gravity of the charge, and the complexity of the possible defenses as well as the accessibility of witnesses to counsel." *Wolfs v. Britton*, 509 F.2d 304, 309 (8th Cir. 1975). To be successful on a claim of ineffective assistance of counsel, the petitioner must satisfy a two-prong test. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Specifically, the petitioner must demonstrate: (1) counsel's performance was deficient in that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) counsel's "deficient performance prejudiced the defense." *Id.* at 687; *see also Auman v. U.S.*, 67 F.3d 157, 162 (8th Cir. 1995). The Court may address the two *Strickland* prongs in any order, and if a petitioner fails to make a sufficient showing on one prong, the Court need not address the other. *Strickland*, 466 U.S. at 697; *see also U.S. v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003) (finding no need to address the second prong of *Strickland* after petitioner failed to satisfy the first prong).

Petitioner's counsel was not ineffective for failing to raise Petitioner's rehabilitation efforts at the resentencing hearing. The United States Supreme Court held, at a resentencing, a district court may consider evidence of post-sentencing rehabilitation to support a downward variance. *Pepper v. United States*, 562 U.S. 476, 480 (2011). At Petitioner's resentencing, his attorney did not make any mention of his post-conviction rehabilitation efforts. However, even if the Court were to assume this constituted ineffective assistance of counsel, Petitioner cannot show he was prejudiced by this error, as required by *Strickland*. Some of Petitioner's rehabilitation efforts were included in the Probation Office's letter filed with the Court. Petitioner was given the opportunity to speak at the resentencing hearing and declined to do so. Finally, Petitioner could have received a lower sentence, but he requested the Court not apply a downward departure he had received at his original sentencing.[4] Petitioner has failed to show he was prejudiced by his attorney's alleged failure to introduce post-conviction rehabilitation evidence at his resentencing hearing.

### B. Two-Point Guidelines Enhancement Error

Petitioner argues the indictment states he was on probation during the conspiracy which resulted in a two-point enhancement of his sentence. He asserts he was not on probation at the time and "[d]uring 2007-2009 defendant did not even know Steven C. Campbell co-defendant."[5]

In any event, review of the indictment shows there is no reference to Petitioner being on probation at the times of his conduct. The indictment does not state Petitioner was on probation during the conspiracy. His presentence report also does not include a two-point enhancement for being on probation at the time of the offense. Petitioner received a six-level enhancement under

---

[4] In his original sentencing, Petitioner received a downward departure under United States Sentencing Guidelines § 5K1.1. At his resentencing, he asked the departure not be applied, because it was affecting his safety in prison.
[5] The Court construes Petitioner's argument to be he was not a part of the conspiracy in 2007-2009, not that he was not on probation during that time period.

U.S.S.G. § 2S1.1(b)(1), because he knew the funds were intended to promote the distribution of anabolic steroids, and he received a two-level enhancement, because his conviction was pursuant to 18 U.S.C. § 1956.[6] Petitioner's sentence was not affected by the length of time Petitioner participated in the criminal conspiracy or did him being on probation at the time of the offense. This claim will be denied.

### C. Misclassification by the Bureau of Prisons

Next, Petitioner asserts the Bureau of Prisons classified him for incarceration to a more restrictive penal institution than required, because the Bureau of Prisons relied on two prior state convictions when, according to Petitioner, it can only rely on prior federal convictions. Petitioner's arguments are incorrect. The Bureau of Prisons has discretion to designate a prisoner to a facility it determines to be appropriate and suitable. 18 U.S.C. § 3621(b). The Bureau of Prisons, when making a classification of a prisoner, must consider "(1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence; and (5) any pertinent policy statement issued by the Sentencing Commission." *Id*. The statute does not limit the Bureau of Prisons' consideration of a prisoner's prior history and characteristics to only prior federal convictions. The Bureau of Prisons routinely considers all prior convictions, state and federal. The statute Petitioner cites, 18 U.S.C. § 4042(c), refers to the Bureau of Prisons' duty to notify law enforcement when a sex offender is released from prison. That statute does not affect a prisoner's penal institution assignment. This claim will be denied.

### D. Petitioner's Mistreatment in Prison

---

[6] This statute details crimes involving the laundering of monetary instruments. 18 U.S.C. § 1956.

Finally, Petitioner includes numerous allegations he was mistreated in prison and incurred serious injuries at the hands of other prisoners. If a prisoner challenges the conditions of his confinement rather than the validity of his sentence, the appropriate remedy is not a writ of habeas corpus. *Spencer v. Haynes*, 774 F.3d 467, 470 (8th Cir. 2014). Instead, Petitioner should file a claim under 42 U.S.C. § 1983. Further, the Court does not have jurisdiction over his claims regarding mistreatment in prison, because any such challenges to the execution of a sentence must be brought in the district where the prisoner is incarcerated, not the district of conviction. *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002). This claim will be dismissed.

IV.   **"OMNIBUS MOTION TO ADVANCE" AND MOTION TO AMEND**

Petitioner filed a motion he titled "Omnibus Motion to Advance." The Court is unaware of any motion to advance in the FRCP or created by statute. The Court will construe this motion to be a motion to supplement his prior Motion to Vacate. In this motion, Petitioner reiterates his earlier arguments he put forth in his Motion to Vacate, with a few additional facts, arguments, and legal research. The Court has already analyzed and rejected those claims.

On additional argument Petitioner makes is his sentence does not accurately reflect his participation or culpability in the conspiracy. This claim will be denied as well.

Petitioner pled guilty to the facts and charges in the indictment which stated "Beginning at a time unknown to the Grand Jury, but including June 2007, through the date of this indictment . . . the defendants, Steven C. Campbell, and John Thomas Bailey, did knowingly and intentionally combine, conspire . . ." Petitioner entered a plea of guilty after the indictment was read into the record. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Petitioner has not supplied any evidence or facts to support his allegation of diminished culpability in the conspiracy. This claim will be denied.

7

Petitioner also states he was recommended for 270-365 days of Halfway House/Community Confinement but was denied release to a Halfway House because of overcrowding. As the Court stated *supra*, the Bureau of Prisons has discretion to determine where a prisoner should serve his sentence. Further, Petitioner has no affirmative right to placement in a halfway house. *See Stanko v. Rios*, Civil No. 08-4991 (JNE/JJG), 2009 WL 1303969 at *3 (D. Minn. May 8, 2009) (analyzing the statute, 18 U.S.C. § 3624(c) in detail and concluding there is no affirmative right to placement in a halfway house.).

In his "Motion for Leave to Amend Prior Motion to Advance," Petitioner moves to amend his "Omnibus Motion to Advance" to state his Case Manager committed fraud against him by "actively concealing fact" regarding his Halfway House placement. Petitioner asserts he signed papers he believed were for 270-365 days of placement in a halfway house, but the actual recommendation, according to Petitioner, was for 30-90 days. Petitioner's Motion to Amend his Motion to Advance will be denied as moot, due to the Court's denial of his "Omnibus Motion to Advance."

## IV. CERTIFICATE OF APPEALABILITY

The Court finds Petitioner has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can issue. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in Petitioner's § 2255 Motion.

Accordingly,

**IT IS HEREBY ORDERED** Petitioner John Thomas Bailey's Motion for Vacation or Relief from Judgment [1], is **DENIED.** Petitioner's Motion is **DISMISSED**, **with prejudice**.

**IT IS FURTHER ORDERED** that Petitioner's Omnibus Motion to Advance [24] is **DENIED**.

**IT IS FURTHER ORDERED** that Motion for Leave to Amend Prior Motion to Advance [27] is **DENIED**.

So Ordered this 14th day of March, 2018.

*E. Richard Webber*

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**